IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20906
Conference Calendar
_____

ROGER O. MOORE,

                                        Plaintiff-Appellant,

versus

RONALD W. KILLAM, DR.,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA H 95-1209
- - - - - - - - - -

June 25, 1996

Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Roger O. Moore, #662174, contends that the district court abused its discretion in dismissing his complaint under 42 U.S.C. § 1983 against Dr. Ronald W. Killam as frivolous under 28 U.S.C. § 1915(d). Denton v. Hernandez, 504 U.S. 25, 34 (1992).

     To prevail on a § 1983 action, a plaintiff must show that the defendant deprived him of the right secured by the

_____

     * Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Constitution and laws of the United States while acting under color of state law. Manax v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988). Although Moore is now incarcerated for murdering his wife, Moore's allegations against Dr. Killam related to his treatment by the physician prior to his incarceration. To the extent that Moore asserted a medical malpractice claim against his private physician, Dr. Killam, his § 1983 action was properly dismissed by the district court.

In his complaint and on appeal, Moore also asserts that Dr. Killam did not release his medical records to his defense attorney and altered the records resulting in prejudice to Moore's defense in the criminal trial for the murder of Moore's wife. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgment." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Even if Killam could be found to be a state actor by conspiring to convict Moore wrongly, his claim against Killam may not be considered in the § 1983 action under the rule in Heck because Moore had not demonstrated that his conviction and

sentence have been invalidated.  This appeal is without arguable

merit and thus frivolous.  Howard v. King, 707 F.2d 219, 219-20

(5th Cir. 1983).

APPEAL DISMISSED.  5th Cir. R. 42.2.