# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2011

Lyle W. Cayce
Clerk

No. 09-60620
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HAROLD DAMPER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CR-5-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Harold Damper, federal prisoner # 14313-112, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of a motion for reconsideration that was filed in a 18 U.S.C. § 3582(c)(2) proceeding. The district court denied Damper's § 3582(c)(2) motion because the crack cocaine amendments to the Sentencing Guidelines would not have changed Damper's guidelines range. While Damper's appeal of the denial of his § 3582(c)(2) motion was pending before this court, Damper filed a motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to FED. R. CIV. PROC. 60(a). The district court denied Damper's Rule 60(a) motion and the motion to reconsider he subsequently filed. The district court further denied Damper's motion to proceed IFP, certifying that the appeal was not taken in good faith because Damper filed his motion to reconsider while the appeal of his § 3582(c)(2) was pending before this court.

Damper has failed to brief any argument with respect to the district court's determination that his appeal was not taken in good faith. Rather, he argues the merits of his motions which challenged the district court's denial of his § 3582(c)(2) motion. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Given the forgoing, Damper has failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.