# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2011

No. 10-11032
Summary Calendar

Lyle W. Cayce
Clerk

VINCENT JOHN BAZEMORE, JR.,

Plaintiff-Appellant,

versus

DEEN ABBOTT, F.B.I. - Dallas,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:10-CV-1444

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vincent Bazemore, Jr., federal prisoner # 37160-177, seeks leave to proceed *in forma pauperis* ("IFP") in his appeal of the dismissal of his *Bivens*[1] action

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

as malicious pursuant to 28 U.S.C. § 1915A(b)(1).  The motion is construed as a challenge to the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Bazemore challenges the dismissal of his case as malicious, arguing that the claims here are not duplicative of those in prior case No. 3:10-CV-720.  He has not shown that the district court abused its discretion in dismissing his case as malicious, because both cases involve "the same series of events" and contain allegations of "many of the same facts."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).  Bazemore contended in both actions that Deen Abbott failed to give him proper notice of the seizure of property listed in No. 3:09-MJ-203 as required by 18 U.S.C. § 983(a)(1)(F).  Furthermore, the remaining claims in both cases challenge the execution of the same seizure warrants in Nos. 3:09-MJ-200, 3:09-MJ-201, 3:09-MJ-202, and 3:09-MJ-203.

This appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, Bazemore's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  *See Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  This dismissal and the dismissal of Bazemore's complaint as malicious count as two strikes under 28 U.S.C. § 1915(g).  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Bazemore also has accumulated one additional strike.  *See Bazemore v. Buie*, No. 10-11186.  Because he has now received three strikes under § 1915(g), he is barred under that statute from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.