# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 28, 2011

Lyle W. Cayce
Clerk

No. 10-50884
Summary Calendar

LEROY DEBOSE,

Plaintiff-Appellant

v.

PAMELA WILLIAMS, Director, State Classification and Records; JOHN B. WYETH, Former Administrative Assistant, State Classification and Records; CHARLEY VALDEZ, Former Administrative Assistant, State Classification and Records; B. MURRA, Former Administrative Assistant, State Classification and Records; BOARD OF PARDONS AND PAROLE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-445

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant DeBose, Texas prisoner # 251249, appearing pro se and in forma pauperis (IFP), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged, inter alia, that the defendants' implementation of parole laws have violated his constitutional rights. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court dismissed DeBose's claims that challenge laws and policies up to and including 2002 as barred by res judicata or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). The district court dismissed DeBose's claims that challenge changes in policies and laws between 2005 and 2009 for want of jurisdiction or for failure to state a claim pursuant to § 1915(e). To the extent that DeBose's claims could be construed as habeas claims, the district court dismissed them without prejudice to filing an application for habeas relief in a court with proper venue after he has exhausted his state court remedies.

DeBose's brief contains conclusional phrases and legal boilerplate, which indicates an intent to challenge the district court's determinations that particular claims were barred by res judicata, that his Due Process Clause claims lacked merit, and that he failed to establish an Ex Post Facto Clause violation. DeBose fails to provide any coherent argument, however, that adequately addresses the district court's analysis regarding these issues or other issues that were addressed by that court. *See* FED. R. APP. P. 28(a)(9); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As DeBose has failed adequately to brief a challenge to the district court's decision, his appeal is without arguable merit and therefore is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Our dismissal of DeBose's appeal as frivolous counts as a strike. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We therefore warn DeBose that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.