# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2011

Lyle W. Cayce
Clerk

No. 10-31013
Summary Calendar

JAMES SAMUEL FELKNOR,

Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS
AFFAIRS; OVERTON BROOKS VETERANS AFFAIRS MEDICAL CENTER,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CV-1399

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

James Samuel Felknor has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint, in which he named as defendants the United States of America, the Department of Veterans Affairs, and Overton Brooks Veterans Affairs Medical Center. Felknor complained that he was improperly denied benefits pursuant to a Veterans

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31013

Administration regulation. As an initial matter, Felknor has filed a motion for appointment of counsel. This motion is DENIED.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted).

Felknor alleges that he is trying to bring two claims; one is for defamation under state law, and the other is a constitutional challenge to the Veterans Administration regulation that he asserts is the basis for the decision to deny him medical services. Although he states that he is trying to bring a constitutional challenge to the administrative regulation, it appears that what he is really challenging is the decision to deny him benefits.

The district court concluded that it lacked subject matter jurisdiction to entertain Felknor's complaint. Felknor has not demonstrated any error in the district court's ruling. *See* 38 U.S.C. § 511(a).

Because the appeal is frivolous, leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. We WARN Felknor that the continued filing of frivolous motions and other pleadings in this court or in the district court will invite the imposition of sanctions.