# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2011

No. 11-20245
Summary Calendar

Lyle W. Cayce
Clerk

MYRON ELDON BUTLER,

Plaintiff-Appellant

v.

W.A. PENDERGRAFF, Law Library Supervisor, Luther Unit,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4-09-CV-382

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Myron Butler, Texas prisoner # 1147687, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the district court's order denying his motion for a change of venue. The district court denied the motion because the underlying lawsuit has been dismissed, *see Butler v. Pendergraff*, No. 10-20328 (Sept. 3, 2010) (unpublished), and it denied Butler's request for leave to proceed IFP because Butler is subject to the three-strikes sanction of 28 U.S.C. § 1915(g).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See Butler v. Strong*, No. H-10-5225 (S.D. Tex. Jan. 26, 2011) (recognizing that Butler is subject to § 1915(g) bar).

By moving to proceed IFP, Butler is challenging the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Thus, his request "must be directed solely to the trial court's reasons for the certification decision." *Id.* This court's inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Under Section 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if he has, on three or more prior occasions, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless he is under imminent danger of serious physical injury. § 1915(g). Butler contends that he suffers from various physical maladies, and that the Texas Department of Criminal Justice will not provide him with "stem cell surgery" recommended by his physician.

Butler does not state, and the record does not reflect, that his health problems have anything to do with the denial-of-access-to-the-courts claim asserted in his original complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) (to proceed IFP, civil rights claims of prisoner subject to statutory sanction must be related to imminent danger of serious physical injury). Because Butler has not shown that he wishes to raise a nonfrivolous issue with respect to the district court's order requiring him to pay the appellate filing fee or with respect to its order dismissing the motion for change of venue, his request for leave to proceed IFP on appeal is DENIED. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.