# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

No. 11-50207
Summary Calendar

Lyle W. Cayce
Clerk

BOBBY L. FRANKLIN,

Plaintiff-Appellant

v.

D.J. LAUGHLIN, doing business as BWD Properties 2, L.L.C., a Nevada Limited
Liability Company, doing business as BWD Properties 3, L.L.C., a Nevada
Limited Liability Company, doing business as BWD Properties 4, L.L.C., a
Nevada Limited Liability Company; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-1027

Before HIGGINBOTHM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bobby Len Franklin, pro se, filed an application in the district court for
leave to proceed in forma pauperis (IFP) in a civil action. In considering the
application, the magistrate judge noted: that the United States District Court
for the District of Nevada (the Nevada court) had enjoined Franklin from filing,
without first obtaining leave of court, any civil action based on 80 acres of land

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that he claims to have acquired from the Department of Interior pursuant to an application filed in 1988 under the Desert Land Act (the 1988 DLE application); that Franklin was required by the Nevada court to submit a copy of its injunction with any proposed civil action and to certify and demonstrate that the claim he wished to raise was never before raised and disposed of by any federal district court; and that the Ninth Circuit Court of Appeals had affirmed the Nevada court's injunction. The magistrate judge determined that Franklin's proposed complaint was based on the 1988 DLE application, and that Franklin had failed to comply with the filing requirements of the injunction.

The district court accepted the findings and conclusions of the magistrate judge, denied leave to proceed IFP, and entered judgment dismissing the case with prejudice. The district court warned Franklin that the continued filing of frivolous claims would result in imposition of a sanction. Franklin gave timely notice of his appeal. The district court certified that Franklin's appeal was not taken in good faith, and it denied his request for leave to proceed IFP on appeal. Franklin has applied to this court for leave to proceed IFP on appeal.

By moving to proceed IFP, Franklin is challenging the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Thus, his request "must be directed solely to the trial court's reasons for the certification decision." *Id.* This court's inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Franklin does not dispute that his proposed complaint raises issues related to his 1988 DLE application. Instead, he argues the merits of his claim, and he contends that the failure to consider his claim will leave him without a remedy. He contends that the district court had an independent duty to analyze his claim and to determine if the Nevada court's injunction was void ab initio under Rule 60(b)(4).

Under Rule 60(b)(4), a district court may relieve a party from a final judgment for the reason that the judgment is void. FED. R. CIV. P. 60(b)(4). "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law." *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (internal quotation marks and brackets and citation omitted).

The Nevada court noted that Franklin's claim regarding his DLE application had been the subject of at least seven lawsuits. The Nevada court and other courts had determined repeatedly that Franklin had failed to exhaust his administrative remedies, and that Franklin's claim is barred by the statute of limitations and the doctrine of res judicata.

Franklin has not shown that the district court erred in determining that he has had a full and fair opportunity to litigate his claim. He has not explained why he believes that the Nevada court's injunction is void; nor has he shown that the district court erred in enforcing the Nevada court's injunction. Because Franklin has not shown that the district court erred in denying his request for leave to proceed IFP or that he will raise a claim that has not been barred by the Nevada court's injunction, his request for leave to proceed IFP in this court is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We CAUTION Franklin that the filing of frivolous pleadings in this court or in any court subject to this court's jurisdiction will result in imposition of a sanction. To avoid imposition of a sanction, Franklin should review any pending matters to ensure that they are not frivolous.