# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2012

No. 11-10765
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT WALTER BONNER,

Plaintiff-Appellant

v.

BOB ALFORD, Johnson County Sheriff,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2556

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges

PER CURIAM:[*]

Robert Walter Bonner, Texas prisoner # 1561662, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's sua sponte dismissal as frivolous of his 42 U.S.C. § 1983 complaint. Bonner's motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). For the reasons detailed below, Bonner's motion for IFP is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his complaint, Bonner alleged that Sheriff Alford violated his due process rights when, without a hearing, he was placed in administrative segregation and was required to wear a shock belt during trial. Bonner contends that the district court's determination that the restraints were reasonably related to Sheriff Alford's interest in maintaining order and security is not supported by the record. He asserts that there was no evidence that he was a threat to security so as to engender these restrictions.

Because the district court dismissed Bonner's complaint as frivolous, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from being subjected to conditions of confinement that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The *Bell* test applies "when a pretrial detainee attacks general conditions, practices, rules, or restrictions of pretrial confinement." *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996) (en banc). If a pretrial detainee bases his claim upon a jail official's "episodic acts or omissions," the standard of subjective deliberate indifference enunciated in *Farmer v. Brennan*, 511 U.S. 825 (1994), is the measure of culpability. *Id.*

The district court dismissed the suit on the basis of Bonner's complaint, which included his prison grievance and a short excerpt from his state trial proceedings where the trial court explained to defense counsel why additional security personnel were present in the courtroom. Although Bonner stated in his grievance that he had been "told" that he was placed in administrative segregation because he was a security threat to the jail, the excerpt from his trial testimony contains no discussion relating to any need for Bonner to be held in administrative segregation. There is no evidence in this limited record indicating that Bonner committed any offenses or infractions or otherwise engaged in any behavior that posed a threat to security so as to justify his placement in administrative segregation. Though the district court, apparently

drawing from the trial court's comments regarding security measures at trial, also found that Bonner's placement in administrative segregation may have been necessitated by a "threat of danger" to Bonner while in jail, the district court's reliance on those comments was misplaced. The trial court's comments were directed at the disruptive behavior of audience members during trial and were not related to any threats against Bonner while in jail. On this record, there was no indication that Bonner had been threatened with harm while in jail so as to necessitate his placement in administrative segregation on that basis.

The district court's finding that the utilization of the shock belt was reasonably related to Sheriff Alford's interest in maintaining security and order is similarly unsupported by the current record. A fair reading of the state trial court colloquy reveals that there was no discussion, and the trial court stated no reasons, as to why Bonner was fitted with a shock belt, only that he wore one. The trial court's comments focused on the obstreperous behavior of audience members, not on any disobedient or disorderly conduct on the part of Bonner.

As the record currently stands, the district court erred in dismissing Bonner's complaint. The district court's dismissal is VACATED, and the matter is REMANDED for further proceedings. Whether the facts ultimately establish a due process violation is not a question to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).