Mary BUTLER, Plaintiff–Appellant

v.

Doctor James B. PEAK, Secretary, Department of Veterans Affairs Agency; Department of Veterans Affairs, Doctor James B. Peak, Secretary, Defendants–Appellees.

No. 11–30757
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 1, 2012.

Mary E. Butler, Hampton, GA, pro se.

---

Neeli Ben–David, U.S. Attorney's Office, Atlanta, GA, Glenn Kenneth Schreiber, Esq., Diane Hollenshead Copes, Esq., Assistant U.S. Attorneys, U.S. Attorney's Office, New Orleans, LA, for Defendants–Appellees.

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Mary Butler, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56, of her lawsuit against her former employer, asserting discrimination. The district court denied her IFP motion and certified, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal was not taken in good faith.

By moving for IFP, Butler is challenging the district court's certification decision. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted).

Butler asserts that she is indigent and that the dismissal of her lawsuit was the unjust result of judicial bias, citing the denial of her recusal motion. However, judicial rulings alone almost never constitute a valid basis for a recusal motion; the alleged bias exhibited by a judge must be personal in nature. *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *see also United States v. Scroggins,* 485 F.3d 824, 829–30 and n. 19 (5th Cir.2007). Butler's conclusional, unsupported allegations do not demonstrate that the district court judge held any type of bias against her, and her argument does not provide a nonfrivolous ground for appeal.

Butler does not address the basis for the district court's dismissal of her lawsuit and certification that the appeal was not taken in good faith—that only her retaliation claim was cognizable and that the retaliation claim failed due to her inability to establish a prima facie case of discrimination. Pro se briefs are afforded liberal construction. *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987). Because Butler has failed to challenge the reasons the district court dismissed the suit and certified that her appeal is not taken in good faith, she has abandoned the critical issues of her appeal. *See id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard,* 707 F.2d at 220. Butler's motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at 202 n. 24; 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.