# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 1, 2012

No. 11-60555
Summary Calendar

Lyle W. Cayce
Clerk

JAMES C. JONES,

Plaintiff-Appellant

v.

JANET SMITH; JESSIE STREETER; SONDRA RODGERS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CV-89

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James C. Jones, Mississippi prisoner # 34803, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his 42 U.S.C. § 1983 action. By moving for leave to proceed IFP, Jones is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones vaguely sets forth the standards for receiving leave to proceed IFP on appeal and argues that this court has jurisdiction to review the district court's denial of leave to proceed IFP. While it is not completely clear, Jones appears to argue that the district court's written reasons for denying leave to proceed IFP were insufficient because the district court did not give any reasons beyond those contained in the order dismissing his complaint. Jones does not raise any challenge to the district court's reasons for dismissing his complaint and denying him leave to proceed IFP.

In its written explanation for denying Jones leave to proceed IFP on appeal, the district court referenced the reasons stated in its order dismissing Jones's complaint by stating that Jones had "not set forth a rational reason to call the court's opinion and judgment into question." Thus, the district court's written reasons were sufficient. *See Baugh*, 117 F.3d at 202 n.21.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Jones has failed to challenge the reasons for the dismissal of his complaint and the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.*

Jones's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Both the dismissal of this appeal and the district court's dismissal of Jones's complaint count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Jones has previously accumulated one strike. *See Jones v. Epps*, No. 10-CV-136, slip op. at 1 (N.D. Miss. June 15, 2011) (unpublished). As Jones has now accumulated three strikes, he is barred from proceeding IFP pursuant to § 1915 while he is incarcerated or detained in

No. 11-60555

any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.