# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2012

No. 12-50222
Summary Calendar

Lyle W. Cayce
Clerk

MIKE PALACIOS,

Plaintiff-Appellant

v.

UNITED STATES MARSHAL SERVICE; LIEUTENANT ASHABRANNER; MRS. PALMOUR; PHILLIP MAXWELL, United States Marshal; WARDEN JACK BREWER, Community Education Center; COMMUNITY EDUCATION CENTERS, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CV-9

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mike Palacios, former Texas prisoner # 01637370 and current federal prisoner # 24824-180, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his 42 U.S.C. § 1983 action, which was also construed as an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed his action

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  The district court also dismissed on summary judgment Palacios's denial of medical care claim as being unexhausted.  By moving for leave to proceed IFP, Palacios is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

We review de novo a district court's summary judgment dismissal based upon a failure to exhaust.  *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  Palacios has not demonstrated that the district court erred in granting the summary judgment motion filed by certain defendants with respect to his denial of medical care claim.  *See* FED. R. CIV. P. 56(c).  The remainder of Palacios's claims against the defendants have not been addressed or are inadequately briefed.  Accordingly, those claims have been abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Palacios has not demonstrated that the district court erred in certifying that his appeal is not taken in good faith, we deny his IFP motion and dismiss his appeal as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  The district court's dismissal of his lawsuit and our dismissal of the appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996).  Palacios has already accumulated one strike under § 1915(g) in *Palacios v. Desert Springs Med. Ctr.,* No. 7:06-CV-34 (W.D. Tex. Mar. 13, 2006).  As Palacios has accumulated three strikes, he is advised that he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

Finally, the district court may, as Palacios suggests, have miscalculated the initial partial appellate filing fee.  *See* 28 U.S.C. § 1915(b)(1)(A)&(B).

No. 12-50222

Nevertheless, because that fee has already been collected from Palacios's inmate account, there should not be a hold on his account, and any overpayment of that fee will reduce Palacios's indebtedness for the balance of the $455 he owes for filing this frivolous appeal. A remand to the district court for recalculation of the initial partial filing fee or for a refund of any overpayment of that fee is not warranted.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; § 1915(g) SANCTION BAR IMPOSED.