**Clinton C. HOWARD, Jr., and Michael Chapman and Kenneth Robinson, Plaintiffs-Appellants,**

v.

**John T. KING, Secretary, Department of Corrections, and Ross Maggio, Jr., Warden, Louisiana State Penitentiary, Defendants-Appellees.**

No. 83–3154.

United States Court of Appeals, Fifth Circuit.

June 16, 1983.

---

Clinton C. Howard, pro se.

Michael Chapman, pro se.

Kenneth Robinson, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Clinton Howard, Michael Chapman, and Kenneth Robinson, inmates of the Louisiana Department of Corrections at Angola, Louisiana, filed a civil rights suit in federal district court alleging violations of their eighth amendment right to be free of cruel and unusual punishment. The complaint alleged, in pertinent part:

For sometime now the two defendants herein, Warden Ross Maggio, and the Director of the Department of Corrections John King, has been operating a malfeasance *CRUEL AND UNUSUAL PUNISHMENT* situation, i.e., *"EXTRA DUTY"* ... upon violation of a prison rule the defendants has Ordered their successors in active concert to punish discipline inmates by placing them in the Extra Duty lines on Saturday's and Sundays. Whereby, a inmate works in the feilds for a total of FIFTY*SIX HOURS, Seven Days a week, with no rest, at hard Labor. Which the plaintiff's here in duly contends that to work them and other inmates in the field seven days a week, a fifthy six-hours is to place them in *CRUEL AND UNUSUAL PUNISHMENT.*

The complaint alleged that the "Extra Duty" has endured "for months and months at a time." In addition to their allegation of eighth amendment violation, the complainants asserted that the prison policy constituted "Neoslavery," and averred further unspecified violations of their "Constitutional Rights." The complaint prayed for damages and equitable relief.

The matter was referred to a magistrate. While under consideration by the magistrate, the complainants moved for a preliminary injunction. The memorandum in support of that motion embellished the complaint as follows:

** UNCONTESTED FACTS **

The two plaintiff's herein, *MICHAEL A. CHAPMAN, AND KENNETH ROBINSON,* has been confined to the grounds of the Louisiana State Penitentiary, whereupon, they have for one entire year worked approximately 56 (Fifth-six) Hours a week for a full entire year. This work has been in the *HARD LABOR* feilds. This Cruel Punishment has been for rule violations in the prison. Each Plaintiff has been fully exhausted to the extreme. That the practice of the extra duty line is non-stop.

That each plaintiff is being worked each and everyday without the proper rest. That as of now their *body* is fully in total pain, that is Physical as well as mental.

\* \* \* \* \* \*

Your plaintiff's are suffering from the deprivation of *PROPER REST* in which the defendants herein will not give. The plaintiff's feel that they and as well as other inmates whom suffer the same should be duly deprived of some type of privileges instede of rest. Plaintiff's also contends that the extra duty lines are pure torture and inhuman treetment and that it would shock the consience of a free society to learn that a human is being worked each and everyday for a year and over for 56 hours a week.

An affidavit sworn-out by the three inmates offered poignant summary of their plight:

> ... *extra duty work* has duly tore down their bodys and that it is continuing to tear their bodys down and that they are being over worked on this extra duty matter. That they are always tired and that their bodys are allways hurting. That they are never given proper rest to go through the rest of the week. That they are presently suffering from *HYPE-REXHAUSTION* and that should this court refuse to grant a *INJUNCTION* that they would only help the defendants herein to commit slow murder, which in the Constitution is *CRUEL AND UN-USUAL PUNISHMENT* under the *EIGHT (8) AMENDMENT* 42 USC 1933. That your plaintiff's herein, does pray as in their prayer that this Honorable Court grant them *RELIEF—INJUNCTIVE RELIEF.*

The defendants filed a motion to dismiss for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). The motion asserts that the inmates received a "due process hearing." This appears to refer to a hearing prior to the imposition of extra duty for rules violations. The inmates' complaint recites "The Grievance Committee is not functional or Recognized in this prison," and this appears to refer to the absence of an administrative procedure by which their present complaint can be considered.

The magistrate recommended dismissal of the action on the authority of Fed.R.Civ.P. 12(b)(6). The district court adopted the magistrate's recommendation and dismissed the suit. The inmates filed a timely notice of appeal, and moved for permission to proceed on appeal in forma pauperis. The district court refused to certify the appeal in forma pauperis, stating that the claims were "frivolous" and noting that "[t]his inmate has filed some 42 *pro se* actions under 42 U.S.C. § 1983 ...." As there are in fact three inmate claimants, it is difficult to determine to which inmate the court referred. Pursuant to Federal Rule of Appellate Procedure 24(a), the inmates move in this Court for permission to proceed on appeal in forma pauperis.

I. *General Eighth Amendment Claims*

In *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 2396, 69 L.Ed.2d 59 (1981), the Supreme Court considered the limitation the eighth amendment imposes "upon the conditions in which a state may confine those convicted of crimes." *Id.* at 344–45, 101 S.Ct. at 2397–98, 69 L.Ed.2d at 67–68. The Court noted that the "serious deprivation of basic human needs ... could be cruel and unusual under the contemporary standard of decency that we recognized in *[Estelle v.] Gamble,* [429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ]." 452 U.S. at 346, 101 S.Ct. at 2399, 69 L.Ed.2d at 69. The *Rhodes* Court noted that the eighth amendment "prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain.' " *Id.,* 452 U.S. at 345, 101 S.Ct. at 2398, *quoting Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (joint opinion).

■ Conditions of confinement must not involve the wanton and unnecessary infliction of pain; nor may they be grossly disproportionate to the severity of the crime warranting imprisonment. 452 U.S. at 346,

101 S.Ct. at 2398, 69 L.Ed.2d at 68. "But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." 452 U.S. at 347, 101 S.Ct. at 2399, 69 L.Ed.2d at 69.

This Court has articulated a "totality of conditions test" for analyzing eighth amendment claims. *Jones v. Diamond,* 636 F.2d 1364, 1368 (5th Cir.1981) (*en banc*), *cert. dismissed,* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981); *see Ruiz v. Estelle,* 679 F.2d 1115, 1139 (5th Cir.), *amended in part and vacated in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). "The individual judge must not apply his own subjective view of what is cruel and unusual. Rather, his judgment 'should be informed by objective factors to the maximum possible extent.'" *Sampson v. King,* 693 F.2d 566, 569 (5th Cir.1982) (citations omitted).

■ The conditions of which the petitioners complain were not imposed as punishment for the crimes for which they were originally convicted. These exactions were imposed as penalties for the infraction of prison rules. To be effective such penalties must impose harsher sanctions than the usual conditions of confinement. Prison officials must be allowed some degree of latitude in dealing with those in their custody who are obdurate or contumacious. The federal courts do not sit to reassess the precise quantum of deprivation of privilege, imposition of additional work, or increase in strictures of confinement that will adequately serve to punish the criminal who, already confined, will not obey prison rules or to deter other inmates from themselves following an independent path.

## II. *Excessive Working Hours as Cruel and Unusual Punishment*

Despite the wealth of Fifth Circuit law pertaining to eighth amendment claims, the inmates' contention that they are being overworked either as a general condition of confinement or as a penalty for violating prison rules apparently raises a novel issue in this Circuit.[1] Extensive research has revealed only one case which recognized a cause of action under circumstances comparable to (yet readily distinguishable from) those alleged in this action. In *Woolsey v. Beto,* 450 F.2d 321 (5th Cir.1971), this Court held that

> [t]he alleged imposition of unreasonable punitive work assignment and solitary confinement with the deliberate and knowing effect of activating appellant's tubercular condition states a cause of action under ... the Eight Amendment....

In *Ray v. Mabry,* 556 F.2d 881 (8th Cir. 1977), an Arkansas prisoner brought suit against prison officials, alleging violations of rights secured by the eighth, first, and thirteenth amendments. The prisoner sought injunctive relief from working "excessive hours [90 to 120 hours per week], from working on Sundays, and from being compelled to perform duties beyond his physical capabilities." *Id.* at 882. The court noted that prison work requirements which compel inmates to perform physical labor which is beyond their strength, endangers their lives, or causes undue pain constitute cruel and unusual punishment. *Id.* The Court of Appeals reversed the district court, which had dismissed for failure to state a claim. *Id.* at 883.

## III. *The Court's Dismissal*

■ Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not

---

1. In *Sampson v. King,* 693 F.2d 566 (5th Cir. 1982), this Court recognized an eighth amendment cause of action for an Angola inmate who alleged that his work detail compelled him to come into contact with deadly pesticides, herbicides, and defoliants. This Court denied relief on the merits. *Sampson* is noteworthy in that the inmates of the instant suit are likewise Angola prisoners who are compelled to work "the fields." The inmates in this case do not aver facts relative to the pesticides used in the fields of Angola prison.

taken in good faith. *See also* Fed.R.App.P. 24(a). "Good faith" is demonstrated when a party seeks appellate review of any issue "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An investigation into the in forma pauperis movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir.1982). The existence of any nonfrivolous issue on appeal is sufficient to require that this Court grant the inmates' present motion. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir.1982).

This action involves colorable issues of constitutional deprivation. The district court should have considered the inmates' complaint under the less stringent standards applicable to *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). First, the court was required to "take as true the allegations of the complaint" in considering the Rule 12(b)(6) motion. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). Most importantly, however, the court was required to look beyond the inmates' formal complaint and to consider as amendments to the complaint those materials subsequently filed. *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1979). The court failed to consider the inmates' motion, memorandum in support, and affidavit, as amendments to the complaint. These documents embellished the original complaint's averments, and each should have been considered.

The magistrate's recommendation noted:

There are circumstances in which prison work requirements can constitute an Eighth Amendment violation, but this is the case only when prison officials knowingly compel convicts to perform physical labor which is beyond their strength or which constitutes a danger to their lives or health, or which is unduly painful. *See Ray v. Mabry*, 556 F.2d 881 (8th Cir.1977); *Woolsey v. Beto*, 450 F.2d 321 (5th Cir.1971). Since no allegation of such effects is made in this action, plaintiffs' suit should be dismissed. Forcing an inmate to work on weekends as a disciplinary measure for prison rule violations does not rise to the level of a constitutional violation.

Considering the full pleadings in light of both general eighth amendment jurisprudence and the above-cited analogues, the inmates have pleaded a cause of action cognizable under the eighth and fourteenth amendments and 42 U.S.C. § 1983. First, the inmates allege the deprivation of proper rest (presumably a "basic human need," *see Rhodes v. Chapman*, 452 U.S. at 347, 101 S.Ct. at 2399), allege that "the extra duty lines are pure torture and inhumane treetment [sic]," and further aver that "it would shock the conscience of a free society to learn that a human being is being worked each and everyday for a year and over for 56 hours a week." Further, the allegations that "[e]ach Plaintiff has been fully exhausted to the extreme," that "their body is fully in total pain ... [p]hysical as well as mental," and that they suffer from "hyperexhaustion," implicates the "unnecessary and wanton infliction of pain" proscribed by *Gregg v. Georgia*, 428 U.S. at 173, 96 S.Ct. at 2925. No more detailed explication is necessary to establish a cause of action.

The inmates have alleged physical and mental suffering which, if actually caused by the discipline to which they claim to have been subjected and to the extent that they allege, would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), *Wright v. El Paso County Jail*, 642 F.2d 134, 135 (5th Cir.1981). "An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Taylor v. Gibson*, 529 F.2d 709, 713 (5th Cir.1976). The district court should not, therefore, have dismissed this suit. *Hogan v. Midland*

*County Commissioners Court,* 680 F.2d 1101, 1103–04 (5th Cir.1982).

 This does not mean that the court is obliged to tolerate abuse of its open door. If one, or more, of the petitioners has been guilty of flagrant misuse of the judicial process the court may refuse to entertain further complaints. *See Green v. Carlson,* 649 F.2d 285 (5th Cir.), *cert. denied,* 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981); *accord, Green v. Warden,* 699 F.2d 364 (7th Cir.1983); *In re Green,* 669 F.2d 779 (D.C.Cir.1981); *Green v. White,* 616 F.2d 1054 (8th Cir.1980).

Nor does the fact that they have stated a cause of action mean that the petitioners are entitled to a trial on the merits. It may be possible for the defendants by motion for summary judgment to set forth facts beyond genuine dispute that would prove the nonexistence of a valid claim on the merits. *See* Fed.R.Civ.P. 56(b). Such facts might include affidavits of medical doctors concerning the prisoners' health and their physical ability to do the work exacted of them; the circumstances leading up to the imposition of punishment; the procedure by which the punishment was imposed; the limitation of their work to 8 hours a day; the adequacy of their diet; or other relevant facts.

We are not unaware that plaintiffs' allegations, which we have concluded state a claim for which relief may be granted, are hortatory and, in part, conclusory. Their adequacy to state a claim does not mean per se that they will withstand adequate factual challenge.

 The district court certified that the inmates, having met the economic eligibility requirements, would not be afforded pauper status on appeal because "the claims made are frivolous." Because the inmates have asserted claims which are colorable, the district court's denial of permission to proceed on appeal in forma pauperis was erroneous. *See* Fed.R.App.P. 24(a). Accordingly, the inmates' motion for in forma pauperis is granted, the district court's summary dismissal vacated, and the case remanded for

further proceedings consistent with this opinion. *Montana v. Commissioners Court,* 659 F.2d 19, 23 (5th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982); *see Clark v. Williams,* 693 F.2d 381, 382 (5th Cir.1982). The inmates' motion for a certificate to show probable cause is inappropriate and unnecessary in this civil rights action.

The motion for in forma pauperis status is granted; the district court's dismissal is vacated and the cause remanded for proceedings consistent with this opinion.

VACATED AND REMANDED.