**Clinton C. HOWARD, Jr., Michael Chapman and Kenneth Robinson, Plaintiffs-Appellants,**

v.

**John T. KING, Secretary, Department of Corrections, and Ross Maggio, Jr., Warden, Louisiana State Penitentiary, Defendants-Appellees.**

No. 83–3154.

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1983.

Clinton C. Howard, pro se.

Michael Chapman, pro se.

Kenneth Robinson, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees.

## ORDER SUA SPONTE

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

A member of the Court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service not having voted in favor of it, rehearing en banc is DENIED.

In denying rehearing, we stress the limited nature of our holding in this case. The opinion does not hold that a 56-hour work week constitutes cruel and unusual punishment per se. Indeed, we do not address the merits of the *pro se* petitioner's eighth amendment claim. But "exhaustion to the extreme" and "total pain" are alleged. The panel opinion simply holds that under these allegations contained in the *pro se* prisoners' complaint, it was improper to dismiss the complaint as failing to state a claim under Fed.R.Civ.P. 12(b)(6). Moreover, the opinion does not hold that the prisoners are entitled to a trial on the merits. As the panel opinion expressly notes, a summary judgment may be available since "it may be possible for the defendants by motion for summary judgment to set forth facts beyond genuine dispute that would prove the nonexistence of a valid claim on the merits." *Howard v. King,* 707 F.2d 215 at 221. Simply put, the opinion holds only that, even though the complaint was questionable, the district court acted prematurely when it dismissed the suit pursuant to Fed. R.Civ.P. 12(b)(6).

REHEARING DENIED.