# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

Lyle W. Cayce
Clerk

No. 09-11126
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK LINNEAR HAYS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-141-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Linnear Hays, federal prisoner # 46431-019, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3559(c)(7) motion for resentencing. In 1996, Hays was convicted of conspiracy to obstruct commerce by robbery (count 1), obstruction of commerce by robbery (count 2), using and carrying a firearm during and in relation to a crime of violence (count 3), and possession of a firearm by a felon (count 5), and was sentenced to two consecutive terms of life imprisonment on counts 2 and 3,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to § 3559(c), the federal "three strikes law," and to additional terms of imprisonment on the remaining counts. By moving to proceed IFP, Hays is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Pursuant to § 3559(c)(7), a defendant shall be resentenced if a prior conviction that was a basis for sentencing under § 3559 "is found, pursuant to any appropriate State or Federal procedure, to be unconstitutional or is vitiated on the explicit basis of innocence, or if the convicted person is pardoned on the explicit basis of innocence." § 3559(c)(7). Although Hays asserts that two of his prior convictions were dismissed, he does not argue that those convictions were found to be unconstitutional or were vitiated on the explicit basis of innocence or that he was pardoned on the explicit basis of innocence. His failure to challenge to the magistrate judge's determination, adopted by the district court, that he did not qualify for resentencing under § 3559(c)(7) is the same as if he had not appealed the judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hays states in his IFP motion that he will raise the following issues on appeal: (1) the use of his prior pending charges to enhance his sentence violated § 3559(c) and Congressional intent; (2) those pending charges have now been dismissed, barring their use for § 3559(c) sentencing purposes; (3) the district court erroneously sentenced him pursuant to a preponderance-of-the-evidence standard, in violation of 18 U.S.C. § 851(c)(1); (4) the Government's enhancement notice erroneously listed one prior burglary conviction as two prior convictions, neither of which should have been considered as "serious violent felonies"; and (5) the denial of his constitutional right to counsel on direct appeal should be considered a total miscarriage of justice in this case. He raises only three issues in his appellate brief: (1) the sentencing court abused its discretion in applying § 3559 based on charges that were pending and now have been

dismissed; (2) the United States Attorney was vindictive in seeking life imprisonment under the three-strikes law; and (3) plain error was overlooked on direct appeal, where he was denied his constitutional right to counsel, causing a miscarriage of justice.

None of these alleged errors are grounds for resentencing under § 3559(c)(7), and Hays does not argue that they are.  Hays has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for IFP is DENIED.  Because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.