**UNITED STATES of America, Plaintiff–Appellee**

v.

**Juan Andres MENDOZA–MARTINEZ, Defendant–Appellant.**

**No. 10–40439**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 17, 2011.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Juan Andres Mendoza–Martinez, White Deer, PA, pro se.

**PER CURIAM:** *

Juan Andres Mendoza–Martinez (Mendoza), federal prisoner # 80079–179, was convicted of conspiracy to transport and transporting an undocumented alien for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(B)(i), and he was sentenced to 48 months of imprisonment. Represented by appointed counsel, Mendoza filed a direct appeal, arguing that there was insufficient evidence to support his conviction. We affirmed that conviction in July 2009. *United States v. Mendoza–Martinez*, 329 Fed.Appx. 563, 563 (2009).

In March 2010, Mendoza filed a motion seeking to have the district court reinstate its order denying his direct appeal or, alternatively, to have the district court recall this court's mandate so that he could petition for rehearing or file a petition for a writ of certiorari with the Supreme Court. The district court denied the order as transparently frivolous. Further, finding that Mendoza's appeal from the denial of that motion was not taken in good faith, the district court denied him leave to proceed in forma pauperis (IFP) on appeal. Mendoza has now filed a motion in this court seeking leave to proceed IFP on appeal.

On appeal, Mendoza intends to argue that he was effectively denied his right to

---

appeal because appointed counsel did not confer with him regarding the issues to be presented on appeal, never forwarded him a courtesy copy of the appellate brief, and never informed him that his conviction had been affirmed. While Mendoza had the ultimate authority to decide whether to take an appeal, counsel was not required to consult with Mendoza regarding the appellate issues to be raised. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Mendoza also argues that counsel's omissions prejudiced him because it placed him in the position of not being able to file a timely 28 U.S.C. § 2255 motion. We first note that a year has not yet passed since we affirmed Mendoza's conviction. *See* 28 U.S.C. § 2255(f). With regard to Mendoza's allegations of ineffectiveness by counsel, we decline to address those claims as the record has not been sufficiently developed. *United States v. Higdon,* 832 F.2d 312, 313–14 (5th Cir.1987).

Because Mendoza has not shown his appeal "involves legal points arguable on their merits" *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983), Mendoza's motion for leave to proceed IFP on appeal is denied. Mendoza's appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.