# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2011

Lyle W. Cayce
Clerk

No. 10-50668
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN MARSHALL, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-67-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jonathan Marshall, Sr., federal prisoner # 17040-077, was convicted by a jury of corrupt interference with internal revenue laws and aiding and abetting in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2. He was also convicted on 39 counts of assisting in filing false income tax returns and aiding and abetting in violation of 26 U.S.C. § 7206(2) and § 2. He was sentenced to consecutive 36-month terms of imprisonment on the first six counts of the indictment and to concurrent 36-month terms on all of the other counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50668

Having already filed a direct appeal and a 28 U.S.C. § 2255 motion in this case, Marshall moved the district court pursuant to 18 U.S.C. § 3582(c)(2) for a modification of his sentence, arguing that only his conviction under § 7212(a) was valid and that his sentence should be adjusted accordingly. The district court denied Marshall's motion and denied him leave to proceed in forma pauperis (IFP) on appeal. Marshall has now filed a motion in this court seeking leave to proceed IFP on appeal. To proceed IFP, Marshall must demonstrate financial eligibility and a nonfrivolous issue for appeal. FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

On appeal, Marshall intends to argue that the district court should have granted relief under § 3582(c)(2) based on Amendment 709 to the Sentencing Guidelines. Amendment 709 is not listed as an amendment covered by the policy statement in U.S.S.G. § 1B1.10(c). *See* § 1B1.10(c). Therefore, under the plain language of § 3582(c), a district court is not authorized to reduce a sentence based on Amendment 709 because that would be inconsistent with Sentencing Commission Policy. *See* § 1B1.10, comment. (n.1(A)). Marshall also intends to argue that his motion should not have been denied without an evidentiary hearing. However, he does not advert to any factual disputes that would warrant such a hearing.

Because Marshall has not shown that his appeal presents any legally nonfrivolous issues, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), his motion for leave to proceed IFP on appeal is denied. Marshall's appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.