**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2012

Lyle W. Cayce
Clerk

No. 11-51220
Summary Calendar

CHRISTOPHER J. EMERSON,

Petitioner-Appellant

v.

RISSIE OWENS, Chairperson/Board of Pardons and Paroles (Texas),

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-941

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher J. Emerson, Texas prisoner # 451863, appeals the district court's order dismissing, without prejudice, his pro se petition for writ of mandamus. In his petition, Emerson sought to compel the Texas Board of Pardons and Paroles (TBPP) to conduct a new revocation hearing in compliance with the due process requirements set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and asserted that it is likely that his parole was revoked in retaliation for his exercise of his First Amendment rights and not because he violated a law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51220

or a condition of release. Regardless of Emerson's arguments, a federal district court is not authorized to grant relief in the nature of mandamus relief to direct state officials in the performance of their duties and functions. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Emerson seeks through this appeal to continue to challenge the Southern District's denial of his § 2254 petition that challenged the same revocation proceedings on the same grounds. For this reason and for the reasons stated above, the appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is dismissed. *See* 5TH CIR. R. 42.2. Emerson is warned that the filing of further frivolous pleadings or of any pleadings in this court or in any court in this jurisdiction challenging the 2009 revocation proceedings may result in the imposition of sanctions, which may include monetary penalties or restrictions on Emerson's ability to file further pleadings, or both.

APPEAL DISMISSED; SANCTION WARNING ISSUED.