# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 11-11001
Summary Calendar

Lyle W. Cayce
Clerk

KESHA TERRY,

Plaintiff-Appellant

v.

ROSEMARY INOCENCIO; CAROL BOYD; ROBBIE BURNS; HAGOP
KOFDERAL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-660

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kesha Terry has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of her civil rights claims as time barred and dismissal of her children's claims without prejudice. In dismissing the claims, the district court certified that any appeal would not be taken in good faith, and the magistrate judge later determined that in light of this certification, Terry's IFP motion was moot. By moving in this court for IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status, Terry is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Because the district court dismissed some but not all of Terry's claims, this court first must examine whether it has jurisdiction to consider the appeal. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). We generally have jurisdiction only over appeals from final judgments. *Id.*; *see* 28 U.S.C. § 1291. However, in the judgment from which Terry appeals, the district court invoking Federal Rule of Civil Procedure 54(b), specifically stated that there was "no just reason for delay," and ordered the clerk to enter "final judgment." Thus, this case falls within an exception to the general rule, and we have jurisdiction to consider Terry's appeal. *See* FED. R. CIV. P. 54(b); *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 182, 187 n.3 (5th Cir. 2012).

In her motion for IFP and brief on the merits, Terry makes only general allegations that her appeal is not frivolous, that the civil rights claims have merit, and that the defendants inappropriately boarded up her apartment. She does not address the district court's reasons for its certification decision, namely that her civil rights claims were untimely and that she was not authorized to represent her children in court. *See Baugh*, 117 F.3d at 202. Terry, thus, has abandoned her challenge to the district court's certification decision. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Terry has not shown that the district court's certification was incorrect. Her appeal is without arguable merit and is thus frivolous. Accordingly, Terry's IFP motion is DENIED, and her appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.