# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2012

Lyle W. Cayce
Clerk

No. 12-10352
Summary Calendar

KELLY CINEUS,

Petitioner-Appellant

v.

KEITH HALL, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:11-CV-98

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kelly Cineus, federal prisoner # 65911-004, moves for leave to proceed in forma pauperis (IFP) to appeal the denial of the most recent petition challenging his conviction in the Southern District of Florida for importation of cocaine and a removal order and related detainer pending against him. He asserts that Titles 8, 21, and 28 of the United States Code and his statute of conviction are unconstitutional and void because they were not passed in accordance with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proper legislative procedures.  He also claims we should vacate the criminal judgment because the trial court lacked jurisdiction.

Cineus does not address the district court's reasons for certifying that his appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3).  He does not explain how the District Court for the Northern District of Texas had jurisdiction to consider a challenge to his Southern District of Florida conviction.  He does not explain why his petition was not an unauthorized successive 28 U.S.C. § 2255 motion.  He does not explain how he was entitled to file the petition in light of the district court's previous orders sanctioning him for frivolous and malicious filings.  Nor does he explain how the court had jurisdiction to consider a challenge to the removal order.  Accordingly, the IFP motion is DENIED.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The failure by Cineus to address the district court's bases for dismissing his claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . ., is the same as if he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Moreover, his substantive claims are nonsensical and frivolous.  Because the appeal does not involve legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.