## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2013

Lyle W. Cayce
Clerk

No. 12-60758
Summary Calendar

RICKY LEVERT FRANKLIN,

Plaintiff–Appellant,

versus

HINDS COUNTY SHERIFF DEPARTMENT;
REBECCA PITTMAN, Sheriff Investigator;
JAMIE K. MCBRIDE, Assistant District Attorney,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:12-CV-423

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ricky Franklin, Mississippi prisoner # 101951, appeals the dismissal of his third 42 U.S.C. § 1983 action alleging constitutional violations resulting from his arrest and prosecution for aggravated assault, sexual battery, rape, and kidnap-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ing, with all charges arising from the same incident. Franklin was convicted of aggravated assault and kidnaping and was acquitted on the sexual battery charge; the jury hung on the rape charge. The thrust of Franklin's argument is that there was insufficient evidence to charge and prosecute him for rape and sexual battery and that that is evidenced by his acquittal on the sexual battery charge and by the hung jury on the rape charge. Given the slanderous nature of such charges, he avers, his Fourth and Fourteenth Amendment rights were violated.

Franklin previously sued Hinds County Sheriff's Investigator Pittman, Assistant District Attorney McBride, the Hinds County Sheriff, and Hinds County District Attorney Robert Smith in two § 1983 actions arising from the aforementioned incident. His claims were either denied or dismissed based on qualified immunity, prosecutorial immunity, or *Heck v. Humphrey*, 512 U.S. 477 (1994), and as conclusional, frivolous, or repetitive. He seeks to relitigate the claims in the instant § 1983 action.

The doctrine of res judicata bars the re-litigation of claims that either have been litigated or should have been raised in an earlier suit. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000). For true res judicata to apply, four elements must be satisfied: (1) The parties in the lawsuits must be either identical or in privity with one another; (2) the judgment must have been rendered by a court of competent jurisdiction; (3) the action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999).

Franklin's claims against McBride, individually, are barred by prosecutorial immunity; his claims against Investigator Pittman, individually, are barred by qualified immunity; and his claims against the Sheriff's Department, which were actually against the county, failed to state a constitutional violation. Those claims either were or should have been raised in his first or second § 1983 action.

2

*See id.* Furthermore, Franklin does not address the district court's findings that McBride and Pittman are immune from suit or that the sheriff's department is not a separate legal entity. Franklin has therefore abandoned any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As for the claims against Hinds County, which include those against Pittman and McBride in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985), there is no dispute regarding the first three prongs of the res judicata test. As for the fourth, this court determines whether two suits involve the same claim or cause of action by applying a "transactional test." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). Under that test, the inquiry focuses on whether the two cases under consideration are based on the same nucleus of operative facts. *Id.* If so, the judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction from which the original suit arose. *Id.*

Franklin's claims satisfy that test, because they all stem from his arrest and prosecution for the referenced assault and kidnaping, so they are barred by res judicata. The district court did not err in so finding, and most importantly, Franklin does not argue otherwise.

Because the appeal does not raise an issue of arguable merit, it is frivolous, *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983), and is therefore DISMISSED, *see* 5TH CIR. R. 42.2. This dismissal counts as Franklin's third strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). In accordance with § 1915(g), Franklin is barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g). We warn Franklin that any additional frivolous appeals will invite sanctions. Franklin is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.