# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 28, 2013

Lyle W. Cayce
Clerk

No. 12-11036
Summary Calendar

STEPHEN C. WALKER, also known as Stephen Clayton Walker,

Plaintiff-Appellant

v.

DEANA DAVIS,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CV-46

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Stephen C. Walker, Texas prisoner # 1417300, appeals the dismissal of his civil rights complaint against Deana Davis. He alleged that Davis violated his rights to free speech and procedural due process by denying his outgoing indigent mail on two occasions and failing to provide him notice of those denials. Each of Walker's attempted mailings consisted of a letter and proposed motion to a friend to assist the friend in prosecuting a state tort suit. The district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1), and the district court denied Walker's ensuing motion for relief from the judgment under Federal Rule of Civil Procedure 59(e).

Walker contends that his use of indigent postage to send the mailings was protected by the First Amendment and a liberty interest created by the Texas Department of Criminal Justice (TDCJ) regulation governing inmate mail. Walker does not have a freestanding constitutional right to free postage, and his attempted mailings did not implicate a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Lee v. Perry*, No. 93-4291, 1993 WL 185752, at *1 (5th Cir. May 19, 1993) (unpublished).

Regarding his procedural due process claim, Walker argues that he never received official notice of the denial of his mailings and was thus deprived of the opportunity to appeal those denials to the body designated by TDCJ policy to hear such appeals. Walker, though, was permitted to use the grievance process to challenge the denial of his mailings. His complaint failed to allege any constitutionally cognizable harm. *See McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012); *Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009).

The instant appeal presents no legal points arguable on their merits and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Walker's complaint and our dismissal of this appeal as frivolous count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Walker is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.