# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2013

No. 12-11056
Summary Calendar

Lyle W. Cayce
Clerk

TIMOTHY BUCHANAN,

Plaintiff-Appellant

v.

ERNIE B. ARMSTRONG, District Judge 132 District Court, Borden County,
Texas; DANA COOLEY, District Attorney for Borden County, Texas; BORDEN
COUNTY, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-155

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Timothy Buchanan, Texas prisoner # 1014823, filed a 42 U.S.C. § 1983
complaint alleging that the defendants had obtained his conviction for
aggravated sexual assault through fraud, conspiracy, and negligence. The
district court found that the complaint was subject to dismissal because, *inter
alia*, the defendants were immune from suit, that Buchanan's claims were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because his conviction had not been overturned or invalidated, or, alternatively, that the claims were time barred under Texas's two-year statute of limitations. The district court thus dismissed the complaint as frivolous, malicious, and for failure to state a claim. Buchanan filed a timely notice of appeal.

In his appellate brief, Buchanan argues the merits of his claims challenging the validity of his indictment and conviction. He does not, however, address the district court's immunity analysis or its alternative determinations that his claims were barred by *Heck* or that they were untimely. Accordingly, he has abandoned any challenge to those determinations, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because Buchanan has not shown that his appeal involves an issue of arguable merit, we dismiss his appeal as frivolous. *See* 5TH CIR. R. 42.2. Buchanan's motion for the appointment of counsel, his motion for the production of documents, and any other outstanding motions are denied.

The district court's dismissal of Buchanan's complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Buchanan has at least one other strike resulting from the dismissal of a frivolous complaint. *See Buchanan v. Cooley*, No. 5:03-CV-76 (N.D. Tex. Apr. 10, 2003). As Buchanan has accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Buchanan is further warned that any future frivolous or repetitive filings in this court or in any court subject to this court's jurisdiction will subject him to additional sanctions.

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.