# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 12-20503
Summary Calendar

Lyle W. Cayce
Clerk

ALTON MOYE; LINDA JOHNSON,

Plaintiffs-Appellants

v.

WENTWOOD ST. JAMES, L.P.; ST. JAMES APARTMENTS; ST. JAMES APARTMENTS; AMERICAN MANAGEMENT SERVICES CENTRAL, L.L.C., doing business as Pinnacle; GRAOCH ASSOCIATES; WENTWOOD ST. JAMES PARTNERS, L.L.C.; WANDA-1, GP, INC.,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2017

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alton Moye and Linda Johnson move this court for leave to proceed in forma pauperis (IFP) in their appeal of the district court's dismissal of their claims due to lack of standing. An IFP movant must demonstrate that he or she is a pauper and that the appeal is not frivolous. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Moye and Johnson also move to seal their IFP motions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gidget Lewis's appeal was previously dismissed for want of prosecution. All of the plaintiffs alleged in their complaint that the defendants were liable under the Texas wrongful death statute and pursuant to a survival action for the death of Andrea Lewis, who was Gidget's son and Moye and Johnson's grandson.

We review the issue of standing de novo. *Scottsdale Ins. Co. v. Knox Park Constr., Inc.*, 488 F.3d 680, 683 (5th Cir. 2007). In their appellate brief, Moye and Johnson allege for the first time on appeal that they raised Andrea since he was two years old and Gidget designated them as Andrea's managing conservators by executing an irrevocable power of attorney. They argue that they should therefore be treated as if they were Andrea's parents. We generally do not consider arguments raised for the first time on appeal. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Even if we were to consider this argument, Moye and Johnson have failed to show that they have standing to sue as conservators under either the Texas wrongful death statute or in a survival action. *Pratho v. Zapata*, 157 S.W.3d 832, 846 (Tex. App. 2005); *Taylor v. Parr*, 678 S.W.2d 527, 529 (Tex. App. 1984). Although they also argue in their reply brief for the first time that they have the right under a power of attorney to sue on behalf of Andrea and/or Gidget, we cannot consider an argument based upon facts that were not before the district court at the time of the challenged ruling. *See Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 384 n.9 (5th Cir. 2001); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Accordingly, Moye and Johnson have not shown that their appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Moye and Johnson's motions for leave to proceed IFP on appeal are DENIED, their motion to seal their IFP motions is DENIED, and their appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.