# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 12-20241
Summary Calendar

Lyle W. Cayce
Clerk

BILLY STRAHAN,

Plaintiff-Appellant

v.

WASTE MANAGEMENT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-2441

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Billy Strahan is appealing the district court's denial of his motion for leave to proceed in forma pauperis (IFP) on appeal following the entry of an order granting the defendant Waste Management summary judgment and dismissing Strahan's complaint under Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e, et seq. An IFP movant must demonstrate that he is a pauper and that he will raise nonfrivolous issues on appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo a district court's rulings on a motion for summary judgment. *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is proper if the movant establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The summary judgment evidence established that Strahan sought to prove that Waste Management discharged him from his position as a Port-O-Let driver on account of his race (i.e., African-American) and that the legitimate, nondiscriminatory reason offered for his termination – i.e., he was cited by a police officer after an accident for failing to produce a valid commercial driver's license and proof of insurance after he was previously disciplined for similar misconduct – was false. We review claims of discrimination under Title VII that rely on circumstantial evidence through the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that framework, (1) the plaintiff must first establish a prima facie case of discrimination; (2) if such a showing is made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action; and (3) if the defendant satisfies that requirement, then the burden shifts back to the plaintiff to show that the defendant's reason is a pretext for discrimination or is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007), *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

Strahan has failed to show that there are issues of material fact regarding whether he was terminated on account of his race. *See* FED. R. CIV. P. 56(a). He specifically has not established a prima facie case of discrimination by showing that he was treated less favorably than similarly situated employees outside of his racial group. *See McCoy*, 492 F.3d at 556. Even if Strahan could establish a prima facie case, he has failed to rebut Waste Management's reason for his firing. *See Rachid*, 376 F.3d at 312. His suggestion that the facts underlying

Waste Management's reason are factually incorrect does not prove pretext; he has not put forth evidence to refute that Waste Management reasonably believed that he committed violations of company policy and state law and acted in good faith by firing him.  His baseless and subjective speculation that he was fired on account of his race do not show that the real reason for Waste Management's employment decision was discrimination.  *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004).

Because Strahan has failed to establish that he has a nonfrivolous issue for appeal, his request to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Howard v. King*, 707 F.2d 214, 220 (5th Cir. 1983); 5th Cir. R. 42.2.