# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50377
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2014

Lyle W. Cayce
Clerk

FRANKLIN L. WILLIAMS,

Petitioner-Appellant

v.

MIKE PEARCE, Warden, FCI Bastrop,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-2

Before JOLLY, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Franklin L. Williams, federal prisoner # 12952-021, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. In his petition, Williams argued that the loss or destruction of his legal property has resulted in his being denied his rights of access to the courts and to due process, and has delayed his obtaining justice. He alleged that he required the legal materials

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50377

to prove his actual innocence and the illegality of his state and federal sentences.

On appeal, Williams repeats his arguments made in his petition but does not point out any reasons why the district court erred in certifying that his appeal was not taken in good faith. Specifically, he does not address the district court's determination that he had unsuccessfully raised some identical claims in an earlier § 2241 petition or its conclusion that Williams's challenges to his state and federal sentences had to be made in a 28 U.S.C. § 2254 petition or a 28 U.S.C. § 2255 motion and were not properly cognizable in a § 2241 proceeding. In failing to identify any errors in the district court's reasons for certifying that the appeal was not taken in good faith, Williams has abandoned the dispositive issue on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.3d 744, 748 (5th Cir. 1987). Accordingly, his motion to proceed IFP on appeal is DENIED. Because the appeal does not involve legal points arguable on their merits, the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Williams previously has been warned that frivolous, repetitive, or otherwise abusive filings would invite sanctions. He has failed to heed that warning. Accordingly, he is ORDERED to pay a sanction of $200 to the Clerk of this Court. He is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction seeking to challenge his 1997 Georgia state conviction and sentence, his 2007 federal conviction and sentence, or the alleged loss of his legal property unless he first obtains leave of the court in which he seeks to file such a pleading. Williams is further CAUTIONED that any future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.