# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2013

No. 13-10097
Summary Calendar

Lyle W. Cayce
Clerk

BASILENE L. HENSON,

Plaintiff-Appellant

v.

TIMOTHY F. GEITHNER, Secretary of the Treasury,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:11-CV-1892 & 3:12-CV-673

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Basilene L. Henson moves for leave to appeal in forma pauperis (IFP) and for appointment of counsel. The district court granted summary judgment dismissing her claims of racial discrimination and retaliation. The court also denied her IFP motion and certified that her appeal was not taken in good faith.

By moving to proceed IFP, Henson challenges the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(3)(A). We ask only "whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Further, we will rule on the merits of this appeal because the merits "are so intertwined with the certification decision as to constitute the same issue." *Id.*

We review de novo the grant of summary judgment and apply the same standards as the district court. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir.), *cert. denied*, 133 S. Ct. 136 (2012). Henson has offered only "conclusory allegations, speculation, and unsubstantiated assertions [that] are inadequate" to defeat summary judgment. *Id.* at 660 (internal quotation marks and citation omitted). Even if she were assumed, despite the record, to have stated prima facie claims of discrimination, harassment, or retaliation, she failed to offer any summary judgment evidence to rebut the Government's evidence that she was monitored, cautioned, disciplined, suspended, and fired because her performance was unsatisfactory. *Cf. id.* at 658-59 (describing the parties' burdens in a discrimination case).

Henson has identified "no genuine dispute as to any material fact" to defeat summary judgment, and she thus fails to show that her appeal involves any nonfrivolous issue. *See* FED. R. CIV. P. 56(a); *Howard*, 707 F.2d at 220. Because "the appeal is frivolous and entirely without merit," the IFP motion is DENIED, and the appeal is DISMISSED. 5TH CIR. RULE 42.2; *see Baugh*, 117 F.3d at 202. Henson's motion for appointment of counsel is DENIED.