# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2020

Lyle W. Cayce
Clerk

No. 19-50264
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR CHAVEZ, also known as Hector Manuel Martinez-Balderas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-834
USDC No. 5:16-CR-358-1

Before: HIGGINBOTHAM, SOUTHWICK, and WILLET, Circuit Judges.

PER CURIAM: *

Omar Chavez, federal prisoner # 52414-280, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for conspiracy to possess methamphetamine with intent to distribute. He also seeks leave to proceed in forma pauperis (IFP) on appeal. Chavez contends that (1) he did not validly waive his right to collaterally challenge his sentence; (2) the Government

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50264

breached the plea agreement; (3) the district court erred by denying § 2255 relief without an evidentiary hearing; and (4) he received ineffective assistance of counsel.

To obtain a COA, Chavez must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted); *see* 28 U.S.C. § 2253(c)(2). To meet that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

With respect to his claims of invalid waiver, breach of the plea agreement, and ineffective assistance of counsel, Chavez fails to make the required showing to obtain a COA, and the motion for a COA is denied. We construe Chavez's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm. Finally, because Chavez has not shown that his appeal will raise legal points arguable on their merits, we deny the motion to proceed IFP. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

COA DENIED; JUDGMENT AFFIRMED; MOTION FOR LEAVE TO APPEAL IFP DENIED.