# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2020

Lyle W. Cayce
Clerk

No. 19-50585

BRUCE RANDOL MERRYMAN,

*Plaintiff—Appellant*,

*versus*

TEXAS BOARD OF PARDONS AND PAROLE; DAVID GUTIERREZ, DIRECTOR, TEXAS BOARD OF PARDONS AND PAROLE; FRED SOLIZ, PAROLE VOTER, SAN ANTONIO BOARD OFFICE; ANTHONY RAMIREZ, PAROLE VOTER, SAN ANTONIO BOARD OFFICE; CHARLES SPEIR, PAROLE VOTER, SAN ANTONIO BOARD OFFICE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-333

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50585

Bruce Randol Merryman, Texas prisoner # 1730381, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim.  By moving to proceed IFP, Merryman is challenging the district court's certification that his appeal was not taken in good faith.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Merryman's good faith "is limited to whether the appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court concluded that Merryman's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), Eleventh Amendment sovereign immunity, and absolute immunity.  The district court further concluded that Merryman had failed to raise a viable Thirteenth Amendment claim and that his sole remedy was to file a writ of habeas corpus.  Merryman fails to address any of these conclusions.  Pro se briefs are afforded liberal construction.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision.  *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Merryman has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal.  *See id.*  Thus, the appeal lacks arguable merit.  *See Howard*, 707 F.2d at 220.  Accordingly, Merryman's IFP motion is DENIED.  Additionally, because this appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.  The district court's dismissal of Merryman's complaint and our dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).  Merryman is CAUTIONED that

No. 19-50585

if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.