# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2013

Lyle W. Cayce
Clerk

No. 12-50487
Summary Calendar

SPURGEON L. WILLIAMS, III,

Plaintiff-Appellant

v.

JAIME GUZMAN, #77, Magistrate Detention Officer; JOHNNY J. LOPEZ, #1480, San Antonio Police Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-240

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Spurgeon L. Williams, III, Texas prisoner # 1667311, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Williams alleged in his complaint that the defendants had assaulted him and had used excessive force. The district court found that his complaint failed to allege more than a de minimis injury and that, pursuant to *Heck v. Humphrey,* 512 U.S. 477

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1994), Williams' conviction for assault of a public servant involving bodily injury barred his claim for use of excessive force arising from the same incident. The district court denied his motion for leave to proceed IFP on appeal, certifying that his appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

By moving for leave to proceed IFP, Williams is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh,* 117 F.3d at 202.

Williams does not address the district court's determination that he failed to allege more than a de minimis injury and that his claims were barred by *Heck.* Accordingly, he has abandoned any challenge to those determinations, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because Williams has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Williams' remaining motions, for the appointment of counsel and for leave to seek discovery, also are denied.

The district court's dismissal of the complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams has at least one other strike resulting from the dismissal of a frivolous complaint. *See Williams v. Tucker,* No. 5:09-CV-633 (W.D. Tex. Oct. 1, 2009). As Williams has accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Williams is further warned

No. 12-50487

that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.