# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2013

Lyle W. Cayce
Clerk

No. 12-31153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KELLY P. HARRELL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-55-1

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kelly P. Harrell, federal prisoner # 28802-034, pleaded guilty to possession of a firearm by a convicted felon (Count 1), possession with intent to distribute a quantity of cocaine base (Count 2), possession with intent to distribute a quantity of heroin (Count 3), and possession of a firearm in furtherance of a drug trafficking crime (Count 4). The district court determined that Harrell was a career offender under the Sentencing Guidelines but, consistent with the written plea agreement, varied from the guidelines range and sentenced Harrell to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concurrent 84-month terms of imprisonment on Counts 1 through 3 and to 60 months on Count 4, to run consecutively to the sentences imposed on Counts 1 through 3.  Harrell now moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

By so moving, Harrell challenges the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court has discretion to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  § 3582(c)(2).  Harrell argues that the application of U.S.S.G. § 2D1.1(c), as amended by the Sentencing Commission, would lower his total base offense level from 32 to 16.  However, his total offense level under the career offender Guideline remains 32, and because this offense level is higher than that calculated under § 2D1.1, the career offender offense level "shall apply."  U.S.S.G. § 4B1.1(b)(A).  Further, Harrell's arguments for a sentence reduction fail to acknowledge that, even without the application of § 4B1.1, his guidelines range initially derived from the offense level attributed to the felon-in-possession offense (Count 1), not the cocaine base offense (Count 2).  In any event, because of the operation of the career offender guideline, any reduction under § 2D1.1(c), as amended, "does not have the effect of lowering [Harrell's] applicable guideline range."  U.S.S.G. § 1B1.10, p.s., comment. (n.1(A)).  Thus, he is ineligible for a sentence reduction.  *See id.*; § 3582(c).

No. 12-31153

Accordingly, Harrell's motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.