# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50175
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2013

Lyle W. Cayce
Clerk

FRANKLIN L. WILLIAMS,

Petitioner-Appellant

v.

MIKE PEARCE,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-936

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Franklin L. Williams, federal prisoner # 12952-021, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his 28 U.S.C. § 2241 petition. In his petition, Williams argued that he had been improperly denied compensation while working within the Bureau of Prisons (BOP). He also complained that despite his having obtained a General Education Development (GED) certificate, the BOP had claimed that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50175

any records verifying that certificate were forged, and thus he had not received proper credit for his GED.

Williams does not address the district court's reasons for certifying that his appeal was not taken in good faith. Rather, he complains for the first time in this court that, as a result of his various transfers within the BOP, he has been denied the opportunity to have access to the district within which he was convicted and to pursue his actual innocence claim in that court. Absent from Williams's pleadings, however, is any discussion of the district court's determination that none of his challenges are properly cognizable under § 2241. Nor has he presented any meaningful challenge to the sanctions imposed by the district court. Accordingly, the IFP motion is DENIED. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Further, the failure by Williams to address in his brief the district court's bases for dismissing his claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . ., is the same as if he had not appealed that judgment." *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because the appeal does not involve legal points arguable on their merits, the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Williams is CAUTIONED that future frivolous filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. He is further CAUTIONED that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.