# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10488

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2014

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff−Appellee,

versus

C. KEITH LAMONDA,

Defendant−Appellant,

versus

MICHAEL J. QUILLING,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:06-CV-2136

No. 13-10488

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

C. Keith LaMonda, federal prisoner # 26060-18, moves for leave to proceed *in forma pauperis* ("IFP") in his appeal of the denial of his motions: (1) to compel the receiver to comply with the Compromise and Settlement Agreement (which the court construed as a motion for an order that the receiver show cause why he should not be held in contempt for failing to comply with the Agreement); (2) for an order freezing the assets of the receivership pending the determination of the motion to compel; (3) for sanctions against the receiver; and (4) to intervene. In his self-titled motion to compel, LaMonda alleged that the receiver was in civil contempt of the order approving the Agreement because he had breached various provisions pertaining to the payment of expenses for LaMonda's homestead property, the foreclosure of an equitable constructive trust lien in favor of the receiver, and compensation concerning assets recovered by the receiver with LaMonda's assistance. The relief sought through the three remaining motions was tethered to the resolution of the motion to compel.

By moving for leave to proceed IFP on appeal, LaMonda challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10488

LaMonda does not address the district court's reasons for certifying that his appeal was not taken in good faith. Rather, he argues that the court erred because (1) it sustained some of his objections to the magistrate judge's findings, conclusions, and recommendation; (2) it erroneously construed his motion to compel as a motion for "sanctions," which altered the burden of proof; (3) the magistrate judge's evidentiary hearing was premature, and LaMonda was denied the opportunity to conduct discovery; and (4) he is entitled to an accounting of all assets seized by the receiver to determine the extent of the receiver's fraud and the damages LaMonda may claim under the Agreement. Absent from LaMonda's pleadings, however, is any discussion of the district court's determination that he had not shown that the receiver exceeded his authority in foreclosing on the equitable lien or that LaMonda had assisted in the recovery of "additional assets," thereby triggering the compensation provision of the Agreement.

Similarly, LaMonda does not attempt to show any error in the district court's reasoning that the nature of the relief sought properly fit the rubric of civil contempt rather than some procedural means to assist with discovery. Nor does he identify the evidence he would have sought through discovery or an accounting further to support his claims against the receiver. Likewise, LaMonda does not present any argument concerning the denial of his motions to freeze receivership assets, for sanctions, and to intervene.

In sum, LaMonda does not challenge the district court's reasons for denying his motions or denying him leave to proceed IFP on appeal. *See Baugh*, 117 F.3d at 202. *Pro se* briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if he had not appealed that issue. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*,

813 F.2d 744, 748 (5th Cir. 1987).   Because LaMonda has failed to challenge any legal aspect of the disposition of the claims raised in his motions or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of this appeal.  *See id.*  Thus, the appeal lacks arguable merit and is therefore frivolous.  *See Howard*, 707 F.2d at 220.   Accordingly, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.