PER CURIAM: *
Robert L. Hedrick, federal prisoner # 94886-279, has applied for leave to appeal in forma pauperis (IFP) from the district court’s denial of his motion to return property. We construe Hedrick’s motion as a challenge to the district court’s determination that his appeal has not been brought in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir.1997). Our inquiry “is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous).” Howard v. King, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citations omitted).
Because Hedrick’s criminal proceedings had concluded before he filed the motion, it is considered a civil action under 28 U.S.C. § 1331. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir.2000). We construe the denial of relief in a motion for return of seized property under § 1331 as a grant of summary judgment in favor of the Government, id., which we review de novo, Nickell v. Beau View of Biloxi, L.L.C., 636 F.3d 752, 754 (5th Cir.2011). Summary judgment is proper if the evidence shows that there is no genuine dispute as to a material fact and the movant is entitled to judgment as a matter of law. Id.; Fed.R.Civ.P. 56(a).
Hedrick does not dispute that some of his property was returned and that the remaining property was made available for retrieval. He contends only that the district court erred by denying his motion before he had an opportunity to respond to *486 the Government’s responses to his motion, and by determining that the district court judge, who had since been recused, did not issue an order compelling the return of his property. The record belies Hedrick’s assertion that the district court judge issued such an order. Further, any error by the district court in denying the motion before Hedrick filed a response is harmless. See Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1403 (5th Cir.1993); Fed.R.Civ.P. 61.
IT IS ORDERED that leave to appeal IFP is DENIED because Hedrick has failed to show that he will raise a nonfrivolous issue. The appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 & n. 24; see also 5th Cir. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Coleman v. Tollefson, — U.S. —, 135 S.Ct. 1759, 1763-64, 191 L.Ed.2d 803 (2015). We CAUTION Hedrick that if he accumulates three strikes under § 1915(g) he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). Hedrick’s motion to strike the Government’s brief is DENIED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.