# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-50327
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES SCOTT,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-176-3

————

Consolidated with --------------------------------------------------------

————

No. 16-50894

————

In re: CHARLES SCOTT,

Movant

————

Motion for an order authorizing
the United States District Court for the
Western District of Texas, Waco to consider
a successive 28 U.S.C. § 2255 motion

————

No. 16-50327  c/w
No. 16-50894

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles Scott, federal prisoner # 23593-380, moves this court for leave to appeal in forma pauperis (IFP) from the denial of his motion to reduce his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). He also moves for authorization to file a second or successive 28 U.S.C. § 2255 motion based on *Johnson*. We consolidate the cases, deny all motions, and dismiss the appeal from the denial of the motion to reduce the sentence.

By moving to appeal IFP, Scott challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We may dismiss the appeal if "it is apparent that an appeal would be meritless." *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

The district court explicitly declined to construe Scott's motion for a sentence reduction as a § 2255 motion and instead construed it as a motion under 18 U.S.C. § 3582. Nonetheless, the motion based on *Johnson* lacked merit. *Johnson* invalidated the so-called "residual clause" definition of "violent felony" found at 18 U.S.C. § 924(e)(2)(B)(ii), a part of the Armed Career Criminal Act (ACCA). But Scott's sentence was not based on the ACCA or on his being a career offender under any statute or Sentencing Guideline. Nor was any prior offense treated as a crime of violence or a violent felony under the ACCA or the Guidelines. *Johnson* thus has no relevance to Scott's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50327  c/w
No. 16-50894

sentence.  Accordingly, Scott's appeal of the denial of his motion to reduce his sentence lacks arguable merit.  His IFP motion is DENIED and his appeal is DISMISSED AS FRIVOLOUS.  Scott's motion for appointment of counsel is also DENIED.  The Government's motions for summary affirmance or for an extension of time for briefing are DENIED AS MOOT.

After the district court denied Scott's constructive § 3582 motion, Scott filed an initial § 2255 motion that is still pending in the district court.  Because Scott's first § 2255 motion is pending, his motion for authorization to file a successive § 2255 motion is DENIED AS UNNECESSARY.  *See* § 2255(h).