# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

SEAN MICHAEL SCOTT,

Petitioner–Appellant,

v.

SCOTT WILLIS, Warden, Federal Correctional Institution La Tuna,

Respondent–Appellee.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-111

Before CLEMENT, OWEN and WILLETT, Circuit Judges.

PER CURIAM:*

Sean Michael Scott, federal prisoner # 37543-013, moves for leave to proceed in forma pauperis (IFP) in his appeal from (1) the dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his conviction for possession of child pornography, and (2) the denial of his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). His motion for leave to file a supplemental brief is GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50458

By seeking leave to proceed IFP in this court, Scott is challenging the district court's denial of leave to proceed IFP and certification that his appeal would be frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Scott fails to demonstrate a nonfrivolous issue for appeal with respect to the district court's dismissal of his § 2241 petition or the denial of his Rule 59(e) motion. The district court did not err by applying this court's binding precedent, rather than the law of other circuits, in determining that Scott was not entitled to proceed under the 28 U.S.C. § 2255(e) savings clause. *See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Further, Scott's contentions regarding an "abstention-based remand" do not present any viable appellate issue. Finally, the district court's statement that Scott could request IFP status from this court was not an implicit finding that he demonstrated a nonfrivolous issue for appeal.

Accordingly, Scott's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.