# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30094

WILLIAM ALAN MUSE,

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2018

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

KENNETH BRYAN; ROCKY KENNEDY; BRUCE E. HAMPTON; AARON AITKEN; MARY HAMMETT; JOEL E. MEKUS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-94

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

William Alan Muse, a pretrial detainee, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his Federal Rule of Civil Procedure 60(b) motion seeking relief from the judgment dismissing his civil rights complaint. The district court also certified that Muse's appeal was not taken in good faith and denied him leave to proceed IFP on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30094

By moving for leave to proceed IFP, Muse has challenged the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Muse's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Muse contends that he was entitled to relief under Rule 60(b)(3) and (b)(6) because he was unable to fully and fairly present his claims to the district court prior to having received the recorded audio and video surveillance of the drug transaction.  Muse argues that the recordings show that the affidavits in support of an arrest warrant contained inaccurate statements and that the inaccuracies supported relief under Rule 60(b)(3) because the affidavits contained fraudulent information and under Rule 60(b)(6) because he showed a violation of his Fourth Amendment rights.  Muse also seems to attack the underlying judgment, arguing that the court erred in applying *Heck v. Humphrey*, 512 U.S. 477 (1994), to his claims.

The contention that *Heck* does not bar his claims is insufficient to establish that there is a nonfrivolous issue for appeal from the denial of the Rule 60(b) motion, which does not bring the underlying judgment up for review. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  Additionally, because the district court dismissed Muse's civil action on grounds that it was barred by the doctrine of absolute immunity, was barred by *Heck*, failed to state a claim for relief in light of 42 U.S.C. § 1997e(e), and was barred by the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), any inaccuracies in the evidence "would not have changed the result."  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).

No. 18-30094

Because Muse's appeal does not involve legal points arguable on their merits, *see Howard*, 707 F.2d at 220, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.