# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11510

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2018

Lyle W. Cayce
Clerk

CHRISTOPHER H. MCCOY,

Plaintiff-Appellant

v.

D. J. HARMON, Warden; FNU STRONG, Assistant Warden; FNU HENDERSON, Lieutenant, SIS Supervisor; JOHN HOVDEN, Supervisor of Education; JESSICA WILLIAMS, Education Technician,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-3497

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Christopher H. McCoy, federal prisoner # 09150-025, moves for leave to appeal in forma pauperis (IFP) from the dismissal of his civil action for failure to state a claim. He also moves for appointment of counsel. McCoy is serving a 327-month sentence after pleading guilty to offenses related to child pornography and illicit sexual activity. *See United States v. McCoy*, 493 F.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11510

App'x 767, 768 (7th Cir. 2012). In his civil complaint, he contended that defendants associated with the Bureau of Prisons (BOP) denied him access to court by failing to provide timely access to a recording of an oral argument made on his behalf in a 28 U.S.C. § 2255 proceeding in the United States Seventh Circuit Court of Appeals. He asserted that the recording was needed to support a motion for rehearing in the Seventh Circuit.

Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). To prevail on a claim that he was denied access to court, McCoy must demonstrate that he suffered actual harm because the defendants hindered his ability to pursue a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 417 (2002); *Lewis v. Casey*, 518 U.S. 343, 351-53 & n.3 (1996). McCoy fails to acknowledge or address the district court's reason for dismissal, which was that McCoy failed to allege any facts to show that he was deprived of the ability to raise a meritorious argument in his petition for rehearing en banc. He offers only general conclusional assertions and fails to allege facts that would entitle him to relief on his claim of denial of access to the courts or any other claim. *See Harbury*, 536 U.S. at 417-18. He thus identifies no nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Accordingly, McCoy's IFP motion is DENIED and his appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. His motion for appointment of counsel is also DENIED.

The dismissal by the district court and the dismissal of this appeal as frivolous give McCoy a total of two "strikes" under 28 U.S.C. § 1915(g). McCoy is WARNED that if he accumulates three strikes he may not thereafter proceed

2

No. 17-11510

IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).