# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2018

Lyle W. Cayce
Clerk

No. 17-11264

ALISHA MORRIS-O'BRIEN,
   on Behalf of Minor Children: L.P., I.B., P.S-D., K.D., S.J., S.J.,

Plaintiff−Appellant,

versus

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,

Defendant−Appellee.

Appeals from the United States District Court
for the Northern District of Texas
No. 5:17-CV-32

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Alisha Morris-O'Brien, while detained in the Lubbock County Detention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11264

Center, inmate #111041, sued the Department of Family and Protective Services *pro se*. The district court denied Morris-O'Brien leave to proceed *in forma pauperis* ("IFP") on appeal and certified that the appeal was not taken in good faith. Morris-O'Brien moves to proceed IFP in this appeal, thereby challenging the certification that her appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Morris-O'Brien's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Morris-O'Brien contends that the district erred when it certified that the appeal was not taken in good faith. She contends that her allegations of rape and excessive force should not have been dismissed as frivolous. She also avers that in prison she was physically attacked by jailors, verbally abused, sexually harassed, and emotionally intimidated. She contends that the prison staff ignored her complaints and grievances. She also urges that she alleged extraordinary circumstances in her initial appeal, such as police brutality, witness tampering, harassment, excessive force, retaliation, and duress. She additionally posits that her children have been exploited, abused, and raped while in the custody of the state. Finally, she contends that any delay in prosecuting the case was justifiable.

Morris-O'Brien fails to provide a reasoned factual or legal analysis for these claims, and she does not offer any nonfrivolous basis for concluding that the district court should have granted the postjudgment motions that are the subject of this appeal. Because Morris-O'Brien fails to brief any issues adequately, they are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Thus, Morris-O'Brien has not shown that she will present a nonfrivolous

No. 17-11264

issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, her motion for leave to proceed IFP on appeal is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

As we recognized on September 10, 2018, Morris-O'Brien, also known as Morris, has accumulated at least three strikes under 28 U.S.C. § 1915(g). *Morris v. Lubbock Cty. Det. Ctr.*, 737 F. App'x 213, 214 (5th Cir. 2018); *Morris v. Texas Boys Ranch*, 737 F. App'x 216, 217 (5th Cir. 2018); *Morris v. L.C.D.C.*, 737 F. App'x 218, 219 (5th Cir. 2018). We have not applied the § 1915(g) bar here because Morris-O'Brien filed this appeal before the accumulation of three strikes. *See* § 1915. We reiterate, however, that Morris-O'Brien is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).