# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50558

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2019

Lyle W. Cayce
Clerk

THOMAS TINER,

Plaintiff-Appellant

v.

DANELLA COCKRELL, Executor; JIMMY PEACOCK, Attorney; JAMES MCDONALD, Attorney; CYNTHIA JACKSON, CPA,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CV-87

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Thomas Tiner, Texas prisoner # 706290, seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint for lack of subject matter jurisdiction. The district court denied Tiner's motion to proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50558

By moving to proceed IFP, Tiner is challenging the district court's certification that the instant appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo. *Williams v. Wynne*, 533 F.3d 360, 364 (5th Cir. 2008). "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Federal question subject matter jurisdiction is granted in 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), which provide district courts with original jurisdiction over civil actions that involve rights arising under the Constitution and federal laws. § 1331; § 1343(a)(3).

Tiner relies on 42 U.S.C. § 1983, which requires him to prove that the defendants, while acting "under color" of any state law, deprived him "of any rights, privileges, or immunities secured by the Constitution and laws." § 1983. Tiner does not allege that the named defendants were acting under color of state law in conspiring to deprive him of his share of his father's estate. Nor does he allege that the defendants conspired with a state actor to deprive him of his rights. *See Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992). A district court is not required to entertain a complaint seeking recovery under the Constitution or laws of the United States if the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell*

No. 18-50558

*v. Hood,* 327 U.S. 678, 682-83 (1946).  Because Tiner failed to plead any facts demonstrating that the defendants acted under color of state law in depriving him of his share of his father's estate, he failed to plead and establish subject matter jurisdiction based on the existence of a federal question.  *See id.*; § 1331; § 1343(a)(3).  Therefore, the district court did not err in dismissing the § 1983 claims for lack of subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); FED. R. CIV. P. 12(h)(3).

Regarding Tiner's remaining claims, 42 U.S.C § 1985(3) prohibits conspiracies to deprive any person of equal protection of the laws based on a "racial or class-based animus."  *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 345 (5th Cir. 1981) (en banc).  Tiner's allegations reflect that the defendants' actions were motivated by their desire for an economic gain.  Because Tiner failed to allege facts demonstrating that the defendants participated in a race-based conspiracy, his allegations failed to provide a basis for federal jurisdiction under § 1985.  *See id.*  A valid § 1985 claim is a prerequisite to a viable 42 U.S.C. § 1986 claim.  *See Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).  Thus, Tiner's § 1985 and § 1986 claims are "insubstantial and frivolous," and were properly dismissed for lack of subject matter jurisdiction.  *Bell*, 327 U.S. at 682-83.

Tiner has not shown that his appeal is taken in good faith, i.e., that the appeal raises legal points arguable on their merits and thus nonfrivolous.  *See Howard,* 707 F.2d at 220.  Therefore, we DENY the IFP motion and DISMISS the appeal as frivolous.  *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

3