# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2021

Lyle W. Cayce
Clerk

No. 20-20359

Zachariah Harvey,

*Plaintiff—Appellant*,

*versus*

Ken Paxton, *Attorney General*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1090

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Zachariah Harvey, Texas prisoner # 1853348, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim for relief. The district court found that Harvey's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). For the same reason, the district court denied Harvey

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

permission to proceed IFP on appeal and certified that the appeal was not taken in good faith.

By moving to proceed IFP, Harvey is challenging the district court's certification that this appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Harvey argues that the appellee was responsible for his subordinates following unconstitutional policies to deprive him of his constitutional rights in connection with Harvey's conviction. Harvey further asserts that he was unable to obtain certain records relating to his conviction. However, he does not adequately address or challenge the district court's finding that his claims were barred by *Heck*. Because he fails to adequately brief any relevant issues, they are abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Harvey's appeal lacks any issue of arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220.

Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion for the appointment of counsel is DENIED.

The dismissal of Harvey's complaint by the district court for failure to state a claim and the dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Harvey has previously received a strike for a dismissal of another § 1983 complaint for failure to state a claim. *Harvey v. Livingston*, 4:14-CV-2272 (S.D. Tex. Aug. 14, 2014). Because Harvey now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal

No. 20-20359

filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.